## LINTON v WILLIAMS et

Ohio Appeals, 2nd Dist, Franklin Co

No 2704.   Decided Jan 19, 1937

Cowan, Adams & Adams, Columbus, for appellants.

James N. Linton, Columbus. Harry J. Linton, Columbus, and Arnold, Wright, Purpus & Harlor, Columbus, for appellees.

## OPINION

By CRAIG, PJ.

Appellee commenced an action in the Probate Court of Franklin County for determination of heirship in the estate of Mary Jane Chennell, deceased. George L. Chennell died testate, without issue, December 11, 1933, leaving all his property to his widow, Mary Jane Chennell, who died testate, without issue, May 9, 1934. At the time of the death of Mary Jane Chennell the administration of the estate of George L Chennell had not been completed. In fact none of the property had been turned over to Mary Jane Chennell under the provisions of the will, although $11,200.00 of the year's allowance of $25,000.00 set off to her had been paid. At the time of her death Mary Jane Chennell possessed $1540.26 in a bank account, six insurance policies on which her estate was paid $1029.50. an obligation of The Columbus Bill Posting Company for $5016.50 which was paid to her estate, an obligation of the George L. Chennell estate for $1429.06, and furniture and fixtures appraised at $2831.80. In addition there was yet due on her year's allowance from the George L. Chennell estate the sum of $13,800.00.

Items 7 and 8 of Mary Jane Chennell's will are as follows:

ITEM SEVEN: It is my will and I do hereby authorize and instruct my executor hereinafter named, to sell and reduce to cash all assets of which I may die seized, whether the same be personal property or real estate, and that after so doing he then make distribution as provided by this will or any Codicil or Codicils thereto. It is my will and I do further authorize and instruct my said executor, to sell any and all such assets at public or private sale as he may deem best and without order of court therefor, provided, however,· my said executor shall not have the right to sell at less than the appraised value, any property without order of court so authorizing same.

ITEM EIGHT: Knowing full well that there is much of my property I have not disposed of by specific bequest or devise. it is my will that all such undisposed of residuary estate shall descend to and be distributed to such person and persons as would receive the same were I to die without will; it being my present intention, however, by codicils hereinafter made, to dispose of much or all of my property in this Item Eight referred to.

Since the death of Mary Jane Chennell a large portion of the assets of the George L. Chennell estate has been turned over to the Mary Jane Chennell estate. All of it has been reduced to cash, a number of specific legalies paid and the remainder, which

is in excess of $200,000.00, awaits distribution.

The executor of the estate of George L. Chennell is also executor of the estate of Mary Jane Chennell. He has made diligent search for the heirs of both decedents which has taken him to foreign lands and to distant parts of this country. As a result of his painstaking efforts he has located a brother and a sister of George L. Chennell, both living in England. The brother, John Chennell, has since died and James N. Linton is the duly qualified and acting ancillary administrator of his estate, having been appointed in the Probate Court of Franklin County. The sister is Cicily Muller.

Mary Jane Chennell died leaving surviving her no brothers nor sisters nor any lineal descendants thereof. The following are the next of kin discovered by the executor after making investigation in England. Wales, the United States, Canada and Australia: Jane Jenkins Caldwell, a maternal aunt; Thomas E. Jenkins, a first cousin; David Williams, a first cousin; John Williams, a first cousin; Margaret Williams, Chevalier, a first cousin once removed; Edith Thomas Williams, a first cousin; William Louis Thomas, a first cousin; Thomas John Thomas, a first cousin.

The defendant David Williams has filed an answer and cross-petition claiming to be a maternal first cousin of Mary Jane Chennell, and has asked the court to determine that he is entitled to a 1/12th share of the residuary estate of Mary Jane Chennell. The defendant, Margaret Williams Chevalier has filed a similar pleading claiming to be a maternal first cousin once removed of Mary Jane Chennell, and asking the court to determine that she is entitled to a 1/12th share in the Mary Jane Chennell estate.

James N. Linton, as ancillary administrator of the John Chennell estate has filed an answer asking the court to determine that John Chennell was a lawful heir of George L. Chennell and asking that his estate be allowed to participate in the Mary Jane Chennell estate according to law.

Upon hearing on the various pleadings the Probate Court found that the next of kin of George L. Chennell at the time of the death of Mary Jane Chennell and entitled to participate in the distribution of the estate were John Chennell, a brother of George L. Chennell, and Cicily Muller, his sister. The court found that each of these persons was entitled to ¼th of the residuary estate under Item 8 of Mary Jane Chennell's will. The court further found that Jane Jenkins Caldwell was an aunt of Mary Jane Chennell and as such entitled to ⅛th of the residue; that Thomas E. Jenkins is a first cousin and entitled to ⅛th of the residue; that David Williams is a first cousin and entitled to 1/24th of the residue; that John Williams is a first cousin and entitled to 1/24th of the residue; that Margaret Williams Chevalier is a first cousin once removed and entitled to 1/24th of the residue; that Edith Thomas Williams is a first cousin and entitled to 1/24th of the residue; that William Louis Thomas is a first cousin and entitled to 1/24th of the residue; and that Thomas John Thomas is a first cousin and entitled to 1/24th of such residue.

David Williams and Margaret Williams Chevalier have taken an appeal to this court on questions of law. No assignment of error has been filed in the cause and we find it difficult to ascertain with the desired clarity what are the errors claimed.

In appellant's briefs it is claimed that §10503-5 GC, known as the Half and Half Statute, has no application and the next of kin of Mary Jane Chennell should receive her entire residuary estate to the exclusion of the next of kin of George L. Chennell because she died testate as to the residuum although the will directs that it be treated as intestate property. In oral argument this point was not urged and on inquiry it was stated by appellants' counsel in substance that he was satisfied the contention was not supported by the authorities. We agree with this so that discussion on this phase of the case is unnecessary.

The next point is that inasmuch as the will directs the executor to convert to cash decedent's property, the Half and Half Statute would not apply since it operates only when the identical property coming from the deceased spouse is distributed to the next of kin. This is the proposition established in **Wilson et v Eccles et, 119 Oh St 184, and Murphy, Admr. v Niehus, 50 Oh Ap 299.** The Half and Half Statute, §10503-5 GC is as follows:

"When the relict of a deceased husband or wife dies intestate and without issue, possessed of any real estate or personal property which came to such relict from any deceased spouse, by deed of gift, de-

vise, bequest or descent, then such estate, real and personal, except for the intestate share of the surviving spouse, if any, of such relict, shall pass to and vest in the children of the deceased spouse from whom such real estate or personal property came, or the next of kin of deceased children. If there are no children or next of kin of deceased children, then such estate, real and personal, except for the intestate share of the surviving spouse, if any, of such relict, shall pass and descend one-half to the brothers and sisters of such relict, or the next of kin of deceased brothers and sisters of the deceased spouse from whom such real estate or personal property came, or the next of kin of deceased brothers and sisters."

In this case the property which came to the wife's estate was the identical property of the husband's estate since distribution of the husband's estate was not effected until after the wife's death. The fact that she directed a change of form by her executor is not the same as her having changed the property. The conversion of the property to money by the executor of the wife's estate is immaterial to the disposition of this case. See Stembel v Martin, and Stone v Doster, 50 Oh St 495, at page 515, in so far as it applies to the Deshler estate.

It is next urged that the next of kin of Mary Jane Chennell should receive all increase in the value of the property involved, but should not be charged with any decrease in any specific piece of property. To support this counsel have cited Wilson et v Eccles et, supra. Examination of that case indicates that the identity of the property was changed and that there was not involved in the case any question as to the increase in value of the property. To ascertain the difference in value of the various assets of the estates between the death of the husband and of the wife and then to credit the next of kin of the wife with any increase but not charge them with any decrease would be to penalize the husband's next of kin without cause.

It is contended that the Half and Half Statute does not apply to the separate estate of Mary Jane Chennell as ▮▮▮▮ hereinbefore set forth, nor to the unpaid portion of her year's allowance. This contention is well made and the next of kin of George L. Chennell have no interest in this property. It should be pro rated among the next of

kin of Mary Jane Chennell. **Miller et v Miller, Admr., et, 49 Oh Ap 220.**

The next point raised by appellants is in effect that the next of kin of both the deceased husband and wife ▮▮▮▮ constitute a class and that distribution should be made on a basis whereby each of the next of kin of both should receive 1/10th of the residuary estate. There are two distinct groups in this case, to-wit, the next of kin of George L. Chennell and the next of kin of Mary Jane Chennell. The two groups constitute separate classes and while they are equal within their own classes, it does not follow that the shares of the members of both classes are equal. The cases cited by appellants are not in point inasmuch as they presuppose the existence of one class, whereas here there are two classes.

In oral argument it was claimed that the funeral expenses and costs of administration, as well as the estate and inheritance taxes should be pro-rated between Mary Jane Chennell's own property and that which came to her estate from that of her husband. Her own property as distinguished from that coming from ▮▮▮▮ her husband's estate should be charged with her funeral bill and the state inheritance tax, but the federal estate tax and the costs of administration should be pro-rated between them; the former on its proportionate share of the taxable estate and the latter on the basis of the gross amount of the two estates. Her own property should not be burdened by the estate tax and the costs of administration beyond its proportionate share. The difference in division of expenses as to the federal estate tax and the state inheritance tax is brought about because the former is a tax payable by the estate based on the value thereof, regardless of the identity of the beneficiary or beneficiaries, (See U. S. Code Annotated, Title 26, ▮410, et seq., and cases cited thereunder), whereas the state inheritance tax is one on the individual successions chargeable thereto. §5332 et seq GC.

The question has been raised as to the proper disposition of rentals and interest received from property in the ▮▮▮▮ George L. Chennell estate. Under the decision in Wilson et v Eccles et, supra, the Half and Half Statute does not apply to income received after the date of the death of Mary Jane Chennell, and her next of kin are entitled to these proceeds after payment for taxes,

upkeep, maintenance and other necessary expenses in connection therewith. Further, this income should be charged with its proportionate part of administrative expense and any other charges which apply to the entire estate. The income received before the death of Mary Jane Chennell, however, is subject to the operation of the Half and Half Statute.

Summarizing our holding, it is the same as that of the Probate Court with these exceptions:

(1) **Sec 10503-5 GC** does not apply to that part of Mary Jane Chennell's estate which did not come to her exclusively by virtue of the will of George L. Chennell.

(2) That part of Mary Jane Chennell's estate which did not come to her exclusively by virtue of the will of George L. Chennell is chargeable only with the funeral expenses plus its proportionate share of federal estate taxes and administration costs. The state inheritance tax, also, will be deducted, as provided by law.

(3) The net income from the George L. Chennell estate after the death of Mary Jane Chennell is not subject to the provisions of §10503-5 GC, but descends to the next of kin of Mary Jane Chennell.

As modified, the judgment of the Probate Court is affirmed.

HORNBECK and BARNES, JJ, concur.